RIVERA, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF RODRÍGUEZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action for Annulment.

MOTION by Defendant Celestino Benítez for Change of Venue.

No. 1719.—Decided March 15, 1918.

VENUE—ACTION FOR ANNULMENT—JURISDICTION—RESIDENCE OF DEFENDANTS.— When the complaint shows that the defendants are all residents of a certain judicial district and that the action prays only for certain annulments, the action does not fall within any of the subsections of section 77 of the Code of Civil Procedure and the case should be governed by section 81 of that Code, which provides that the jurisdiction is in the district in which the defendants or some of them reside at the commencement of the action.

The facts are stated in the opinion.

*Mr. Luis Freyre Barbosa* for the appellant.

*Mr. Fulgencio Piñero* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Francisco Rivera Morales brought an action in the District Court of San Juan against the heirs of María de Jesús Rodríguez and Celestino Benítez Morales for the "annulment of proceedings and for other purposes."

The defendants, all of whom reside in the jurisdiction of the District Court of Humacao, having been summoned, they demurred to the complaint on the ground that the facts al-

leged therein did not constitute a cause of action and asked for a change of venue to the court of their domicil.

The District Court of San Juan granted the change of venue by an order which in its pertinent parts reads as follows:

"It appears from the complaint that all of the defendants are residents of Juncos, P. R., of the Judicial District of Humacao.

"The complaint prays that certain judicial proceedings had in the District Court of Humacao as well as the sale and conveyance of two rural properties situated in the ward of Cubuy of the jurisdiction of Loíza and certain records made in the registry of property be declared null and void.

"This case is not covered by any of the provisions of section 75 of the Code of Civil Procedure and therefore should be governed by section 81, which prescribes that in all other cases the action must be tried in the district in which the defendants, or some of them, reside at the commencement of the action.

"For the reasons stated the court is of the opinion that it should, and it hereby does, sustain the motion for change of venue and orders the case to be transferred to the District Court for the Judicial District of Humacao."

The San Juan court is right, for while it is true that the allegations of the complaint refer to a property situated without the jurisdiction of the District Court of Humacao, it is also a fact that the prayer of the complaint is only for certain annulments and therefore the action is not included in any of the provisions of section 75 of the Code of Civil Procedure. See *Hernández et al.* v. *Bernardini et al.,* 25 P. R. R. 428.

The order appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.